| | |
|---|---|
| ISABELLE L. ORD (Bar No. 198224) | ILANA H. EISENSTEIN (*pro hac vice*) |
| isabelle.ord@us.dlapiper.com | ilana.eisenstein@us.dlapiper.com |
| TIA Q. NGUYEN (Bar No. 338778) | RACHEL A.H. HORTON (*pro hac vice*) |
| tia.nguyen@us.dlapiper.com | rachel.horton@us.dlapiper.com |
| **DLA PIPER LLP (US)** | **DLA PIPER LLP (US)** |
| 555 Mission Street, Suite 2400 | One Liberty Place |
| San Francisco, CA 94105-2933 | 1650 Market Street, Suite 5000 |
| Tel: 415.836.2500 | Philadelphia, PA 19103 |
| Fax: 415.836.2501 | Tel: 215.656.3300 |
| | Fax: 215.656.3301 |

CHRISTOPHER G. CAMPBELL (*pro hac vice*)
christopher.campbell@us.dlapiper.com
**DLA PIPER LLP (US)**
One Atlantic Center
1201 W. Peachtree St. NE #2900
Atlanta, GA 30309
Tel: 404.736.7800
Fax: 404.682.7800

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIYA SIDHU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS INC.,<br><br>Defendant. | CASE NO. 5:22-cv-01603-BLF<br><br>**DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: May 9, 2024<br>Time: 9:00 a.m.<br>Location: Courtroom 3, 5th Floor<br>Judge: Hon. Beth Labson Freeman |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ..................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 2

I. INTRODUCTION ........................................................................................................... 2

II. FACTUAL AND PROCEDURAL BACKGROUND .................................................... 3

    A. Plaintiff's Alleged Standing Hinges on Her Assertion That She Paid Out-of-Pocket for Mirena ............................................................................................. 3

    B. The Affordable Care Act Fully Covers Many Contraceptive Purchases ............... 4

    C. After Bayer's Meet-and-Confer Efforts, Plaintiff Has All but Admitted That She Has No Proof of Payment ................................................................................. 5

III. ISSUE TO BE DECIDED ............................................................................................... 6

IV. LEGAL STANDARD ...................................................................................................... 6

V. LEGAL ARGUMENT ..................................................................................................... 7

    A. The Court Should Sanction Plaintiff's Counsel by Dismissing the Amended Complaint with Prejudice and Awarding Bayer its Fees and Costs Incurred ........ 7

VI. CONCLUSION ............................................................................................................... 9

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Burwell v. Hobby Lobby Stores, Inc.*,
  573 U.S. 682 (2014) ............................................................................................................. 4

*Chin v. Wal-Mart Stores, Inc.*,
  2014 WL 5465768 (N.D. Cal. Oct. 27, 2014) ...................................................................... 7

*Christian v. Mattel, Inc.*,
  286 F.3d 1118 (9th Cir. 2002) .............................................................................................. 7

*Gaskell v. Weir*,
  10 F.3d 626 (9th Cir. 1993) .................................................................................................. 9

*Hinojos v. Kohl's Corp.*,
  718 F.3d 1098 (9th Cir. 2013) .............................................................................................. 4

*Indiezone, Inc. v. Rooke*,
  720 F. App'x 333 (9th Cir. 2017) ......................................................................................... 7

*Jackson v. Taylor*,
  2022 WL 17477938 (N.D. Cal. Sept. 19, 2022) ................................................................... 7

*Kunimoto v. Fidell*,
  26 F. App'x 630 (9th Cir. 2001) ........................................................................................... 9

*Margolis v. Ryan*,
  140 F.3d 850 (9th Cir. 1998) ................................................................................................ 9

*Superior Consulting Servs., Inc. v. Steeves-Kiss*,
  786 F. App'x 648 (9th Cir. 2019) ......................................................................................... 6

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190 (2021) ......................................................................................................... 7

*Truesdell v. S. Cal. Permanente Med. Grp.*,
  293 F.3d 1146 (9th Cir. 2002) .............................................................................................. 6

**Statutes**

Affordable Care Act of 2010 ............................................................................................ 2, 4, 5, 8

**Other Authorities**

29 C.F.R. § 2590.715-2713 ........................................................................................................ 4

80 Fed. Reg. 41318 (July 14, 2015) .................................................................................................... 4

Fed. R. Civ. P. 11 ............................................................................................................... *passim*

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on May 9, 2024 at 9:00 a.m., or as soon thereafter as this matter may be heard by the Honorable Beth Labson Freeman in Courtroom 3, 5th Floor, of the above-entitled Court located at 280 South 1st Street, San Jose, CA 95113, Defendant Bayer Healthcare Pharmaceuticals Inc. ("Bayer") will, and hereby does, move for sanctions against Plaintiff Priya Sidhu's attorneys of record, Bursor & Fisher, P.A. under Rule 11 of the Federal Rules of Civil Procedure and N.D. Cal. Local Rule 11-4, and for dismissal of the Amended Complaint with prejudice.

Bayer files this Motion pursuant to Rule 11. Plaintiff pled in the original Complaint and the Amended Complaint that she paid an out-of-pocket co-pay for her Mirena contraceptive device, which is the basis for the purported actual harm and alleged damages. Despite the exchange of initial disclosures and numerous meet and confer contacts between the parties' counsel, Plaintiff has failed to produce proof that she made any such payment for Mirena and, therefore, she lacks Article III standing. Sanctions are appropriate against Bursor & Fisher, P.A. because the firm's lawyers filed this lawsuit either knowing that it was without merit or without having exercised the pre-complaint diligence that is required of plaintiffs' attorneys under the relevant ethics and civil rules. This Court should dismiss the Amended Complaint with prejudice because no other sanction would adequately address Plaintiff's foundational misrepresentation, which led to years' worth of time-consuming and expensive litigation. Additionally, this Court should award Bayer its reasonable attorney fees and costs incurred in defending this action since the filing of the original Complaint. This Motion is based on this Notice of Motion and Motion, supporting Memorandum of Points and Authorities, Declaration of Christopher G. Campbell, and all pleadings, arguments, and matters before the Court.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's counsel should be sanctioned. They failed to conduct an adequate investigation to confirm the foundational allegation of actual harm that supports Plaintiff's Article III standing to bring overpayment claims: that she actually paid out-of-pocket for Mirena. The decision to file a putative nationwide class action complaint against Bayer without adequate investigation falls well short of the standards for diligence and candor embodied in Rule 11. Counsel's failure to conduct a reasonable and competent pre-suit investigation and their refusal to dismiss this case after notice of these deficiencies warrant sanctions designed to deter baseless filings like the original Complaint and the Amended Complaint here.

The Complaints allege that Plaintiff has standing to bring individual and representative overpayment claims arising from a co-payment for Mirena. In fact, Plaintiff's assertion that she paid for Mirena was key to the Court's determination that Plaintiff has standing to bring these claims at the motion to dismiss stage. However, once discovery began, Bayer brought to Plaintiff's counsel's attention that the Affordable Care Act of 2010 fully covers contraceptives for many American women—without a co-pay for the product or related medical services. Given the improbability of Plaintiff's payment for Mirena, Bayer explained the state of the law to Plaintiff's counsel on November 29, 2023 and requested proof of Plaintiff's co-pay payment. Meet-and-confer correspondence was exchanged throughout December, and Plaintiff's counsel purported to be in the process of investigating. That is not acceptable. Plaintiff's counsel should have obtained proof of Plaintiff's co-pay payment before filing suit. The fact that they do not have and cannot produce evidence of Plaintiff's alleged co-pay payment now confirms that Plaintiff's counsel never investigated this foundational fact before launching their claims against Bayer, and then repeatedly represented to Bayer and the Court that Plaintiff's alleged injury was a $50 co-pay.

The Court should sanction Plaintiff's counsel for their failure to engage in basic diligence as to the facts underlying Plaintiff's claims before filing the original Complaint. Plaintiff's counsel also failed to obtain this foundational information before filing the Amended Complaint asserting

the same allegations, and opposed Bayer's motions to dismiss for lack of standing by asserting Plaintiff had an economic injury due to her co-pay. Under Rule 11, lawyers must not assert claims that are contrary to law or fact. Bayer has given Plaintiff's counsel at least six explicit opportunities to reverse course—including Rule 11's 21-day safe harbor period before filing this Motion—all to no avail. After having litigated two detailed and nuanced motions to dismiss, the parties are in the midst of burdensome and costly discovery. Given the failure of Plaintiff's counsel to conduct a reasonable pre-suit inquiry into the factual and legal basis for Plaintiff's claims and the lawsuit, Rule 11 sanctions against Plaintiff's counsel are warranted, and the Amended Complaint should be dismissed with prejudice.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Plaintiff's Alleged Standing Hinges on Her Assertion That She Paid Out-of-Pocket for Mirena

Plaintiff's claims are premised on allegations that she paid $50 for her Mirena and that, had she been warned about an alleged significantly increased risk of breast cancer, she and the other putative class members "would not have purchased the Product or only agreed to pay significantly less for it." Am. Compl. ¶ 37. The Amended Complaint contains numerous allegations about Plaintiff's purported payment for Mirena. *See, e.g.*, *id.* ¶ 38 (alleging "Defendant's representations and warranties were part of the basis of the bargain, in that Ms. Sidhu would not have paid for the Mirena IUD"); *id.* ¶ 67 ("Plaintiff and the Class conferred a benefit on Defendant in the form of monies paid to purchase the product."); *id.* ¶ 105 ("As a direct and proximate result of Defendant's . . . conduct, Plaintiff and the California Subclass suffered injury-in-fact and lost money."); *id.* ¶ 118 (alleging "Plaintiff and California Subclass Members would not have purchased or used Mirena").[1]

Bayer moved to dismiss the original Complaint and the Amended Complaint on the ground

---

[1] The original Complaint contained similar allegations. *See, e.g.*, Compl., ECF 1 ¶ 15; *id.* ¶ 12. Plaintiff's pre-Complaint letter to Bayer dated February 1, 2022, similarly represented to Bayer and to the Court that Plaintiff "pays $50 out of pocket each time she purchases" Mirena. *Id.* at 21.

that Plaintiff lacked standing.  Plaintiff's counsel opposed, asserting that Plaintiff paid for Mirena. Opp. to Mot. to Dismiss Compl., ECF 24, at 4 ("[J]ust like any consumer who purchases a defective product, Plaintiff sustained an economic injury."); Opp. to Mot. to Dismiss Am. Compl., ECF 48, at 5 ("Plaintiff's injury is economic: she would not have paid for Mirena[.]").  The Court found that Plaintiff had adequately alleged standing based on her claim that she had paid $50 for Mirena.  Order on Mot. to Dismiss Am. Compl., ECF 62, at 9 ("There is no difficulty . . . regarding Article III injury in fact when, as here, 'Plaintiffs contend that class members paid more for a product than they otherwise would have paid, or bought it when they otherwise would not have done so.'" (quoting *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 n.3 (9th Cir. 2013) (ellipses omitted)).

### B.   The Affordable Care Act Fully Covers Many Contraceptive Purchases

Mirena is a contraceptive device subject to the Affordable Care Act of 2010.  Under that law, group health plans and health insurers must provide coverage for "contraceptive services" to patients without cost sharing (*i.e.*, without copayment, coinsurance, or deductible).  29 C.F.R. § 2590.715-2713.  Contraceptive services are defined as "preventive care and screenings . . . , including all FDA-approved contraceptives, sterilization procedures, and patient education and counseling for women with reproductive capacity, as prescribed by a health care provider."  80 Fed. Reg. 41318 (July 14, 2015).  Some gaps in coverage exist, for example, if an insurer opts out for religious reasons, *see generally Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014), or if the insurer covers a different contraceptive.  However, for those without coverage, Bayer has savings and reimbursement programs which help eligible patients receive Mirenas at no cost.  Campbell Decl. ¶ 9.

Since there is a good chance that Plaintiff (and any individual putative class member) received Mirena and the related clinical services at no out-of-pocket cost, Bayer promptly raised this issue with Plaintiff's counsel and requested proof of Plaintiff's payment of a co-pay for her Mirena.

**C.     After Bayer's Meet-and-Confer Efforts, Plaintiff Has All but Admitted That She Has No Proof of Payment**

Following the parties' initial disclosures, on November 29, 2023, Bayer wrote to Plaintiff's counsel requesting proof by December 1, 2023 that: (1) Plaintiff paid for her Mirena, as alleged in the complaints; and (2) the basis for Plaintiff's claim that others paid for Mirena, in light of the Affordable Care Act.  Campbell Decl. ¶ 3; *id.* Ex B.  Plaintiff did not do so.  *Id.* ¶ 3.  On December 11, 2023, counsel for Bayer met and conferred with Plaintiff's counsel; Bayer's counsel again asked for proof that Plaintiff paid for her Mirena as alleged.  *Id.* ¶ 4.  Plaintiff's counsel, Joshua Arisohn and Max Roberts, stated that they were in the process of gathering information from Plaintiff and other (unnamed) putative plaintiffs and that they would provide that information by the end of the week.  *Id.* ¶ 5.  Plaintiff's counsel did not do so—instead, they served one response to a third-party subpoena indicating generally that some payments for Mirena had been made (but not by the named Plaintiff).  *Id.* ¶ 6.  On December 14, 2023, Plaintiff's counsel responded to Bayer's interrogatories and document requests.  Despite representing that Plaintiff "will produce any non-privileged documents" in response to requests regarding Plaintiff's payment for Mirena, that has not occurred.  *Id.* ¶ 7.

On December 20, 2023, Bayer again wrote to Plaintiff's counsel requesting proof by December 22, 2023 that: (1) Plaintiff paid for her Mirena as alleged in the Amended Complaint; and (2) the basis for her claim that others paid for Mirena.  Plaintiff's counsel did not serve any such proof.  *Id.* ¶ 6; *id.* Ex. D.  On December 27, 2023, Bayer's counsel sent a follow-up email, again requesting a response.  *Id.* ¶ 7; *id.* Ex. D.  Plaintiff's counsel, Max Roberts, finally responded (at least partially) by referring to the previously served third-party subpoena response from an insurance carrier (which has nothing to do with the named Plaintiff) and indicating that Plaintiff "is conducting a reasonable search for responsive documents."  *Id.* ¶ 7; *id.* Ex. D.  Bayer's counsel followed up again on December 29.  *Id.* ¶ 8.  Rather than producing responsive documents, Mr. Roberts responded by stating that Plaintiff's counsel would dismiss the case if they are unable to obtain evidence by January 19 demonstrating that Plaintiff paid for her Mirena.  *Id.* ¶ 9; *id.* Ex. D.  Despite

these representations, Plaintiff failed to do so. Instead, on January 18, Mr. Roberts informed Bayer that "Ms. Sidhu is still attempting to procure relevant documents" establishing proof of payment. *Id.* ¶ 10; *id.* Ex. F. Rather than dismissing the meritless case as promised in Mr. Roberts's December 29 email, Plaintiff's counsel indicated they intend to substitute Ms. Sidhu for a new plaintiff. *Id.* ¶ 10; *id.* Ex. F. This is unacceptable in light of Plaintiff's allegations in the Complaint and Amended Complaint representing to Bayer and the Court that Plaintiff did in fact pay for Mirena, and more than a year of litigation. Instead, it is tantamount to an admission that Plaintiff does not have proof of payment of a co-pay for her Mirena, a fundamental fact that should have been determined before Plaintiff's counsel brought this lawsuit.

This Motion was served on Plaintiff's counsel on January 19, 2024. *Id.* ¶ 14. No proof of Plaintiff's out-of-pocket payment for Mirena has been produced.

## III.   ISSUE TO BE DECIDED

Are sanctions under Rule 11 and L.R. 11-4 warranted where Plaintiff's Article III standing to bring her economic loss claims hinge on an allegation that she paid an out-of-pocket co-pay for Mirena, but Plaintiff's counsel failed to conduct a reasonable pre-complaint investigation that would have revealed Plaintiff lacks proof of payment and therefore lacks Article III standing?

## IV.   LEGAL STANDARD

Plaintiff and her counsel had an obligation to investigate the merits of her claims before bringing or maintaining this action. Federal Rule of Civil Procedure 11 makes every signature on a pleading a certification by counsel that, among other things, the pleading "is not being presented for any improper purpose," that "the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law," and that "the factual contentions have evidentiary support." *See* Fed. R. Civ. P. 11(b). "A court's finding that a complaint is factually misleading is sufficient to support Rule 11 sanctions." *Superior Consulting Servs., Inc. v. Steeves-Kiss*, 786 F. App'x 648, 651 (9th Cir. 2019) (citing *Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1153 (9th Cir. 2002)). Similarly, "[t]he Civil Local Rules for the Northern District of California provides for the

sanctioning of attorneys for violations of the local rules," including Local Rule 11-4, "which states that attorneys must comply with the Local Rules, maintain the respect due to the Court and its judicial officers, and practice with the honesty, care, and decorum required for the fair and efficient administration of justice." *Chin v. Wal-Mart Stores, Inc.*, 2014 WL 5465768, at *1 (N.D. Cal. Oct. 27, 2014); *see also Jackson v. Taylor*, 2022 WL 17477938, at *3 (N.D. Cal. Sept. 19, 2022) ("[A] district court may discipline an attorney for conduct that violates a California Rule of Professional Conduct by way of its local rules of professional conduct.").

## V.  LEGAL ARGUMENT

### A.  The Court Should Sanction Plaintiff's Counsel by Dismissing the Amended Complaint with Prejudice and Awarding Bayer its Fees and Costs Incurred

Plaintiff's counsel "has a duty prior to filing a complaint . . . to conduct a reasonable factual investigation." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). Where, as here, a Rule 11 Motion is directed at a complaint, this Court should "determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Id.* (citation omitted). As officers of the Court, attorneys are obligated to investigate before initiating suit. For example, the Ninth Circuit has upheld sanctions where a district court determined that the attorney could have discovered pre-suit (but failed to) that the copyright action lacked a factual foundation to support it. *See id.* at 1129.

Dismissal with prejudice is a proper sanction that is tailored to the inaccurate allegation that Plaintiff paid for Mirena. *Indiezone, Inc. v. Rooke*, 720 F. App'x 333, 338 (9th Cir. 2017) (explaining that "dismissal was appropriate due to the egregious and fundamental nature of the fraud, which [struck] to the heart of the case" (internal quotation marks omitted)). Plaintiff is the only named Plaintiff—her claim to have paid out of pocket for Mirena is a prerequisite to any valid assertion of actual harm and Article III standing. Plaintiff cannot bring a lawsuit on behalf of others where she has not sustained an economic injury, and this is not a defect Plaintiff can cure. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). Therefore, no lesser sanction would be

appropriate than a dismissal with prejudice. *Indiezone, Inc.*, 720 F. App'x at 338. Additionally, Plaintiff's counsel has already agreed that dismissal is appropriate where Plaintiff cannot provide proof of any out-of-pocket payment. Campbell Decl. ¶ 9; *id.* Ex. F.

The facts in this case are egregious. The original Complaint, the Amended Complaint, and the oppositions to the motions to dismiss are all predicated on an allegation of actual harm that is without evidentiary support. Plaintiff's claim that she has Article III standing hinge entirely on the allegation that she paid an out-of-pocket copay for Mirena. Plaintiff's counsel re-iterated this allegation to the Court during the November 9, 2022 hearing on Bayer's Motion to Dismiss the Original Complaint. Campbell Decl. Ex. A, at 33:7 ("Mr. Roberts: She alleges she had a co-pay."). Even now, Plaintiff's counsel have no proof of that purported fact. Plaintiff's counsel failed to conduct a reasonable and competent pre-suit investigation into this fact—failing to request and obtain evidence that Plaintiff paid for Mirena. Not only did Plaintiff's counsel fail to investigate whether the costs of Plaintiff's Mirena was covered by the Affordable Care Act, they also did not investigate whether any alleged costs were covered by Bayer's reimbursement programs. Absent proof of payment, Plaintiff cannot have been injured and lacks standing. Since an out-of-pocket payment is key to Plaintiff's standing and the damages alleged, if Plaintiff's counsel had exercised reasonable diligence, they would have discovered that they could not substantiate their claims before they filed the lawsuit. Instead, what ensued amounted to years' worth of expensive and time-consuming motions practice and then the exchange of written discovery. Now, Plaintiff's counsel has dodged Bayer's reasonable and respectful requests for substantiation for two months. Plaintiff's counsel are experienced in consumer class actions, including in asserting price premium theories, and know that an actual overpayment is fundamental to their claims. They are familiar with their obligation to investigate both the facts and the law regarding the claims they are pressing on behalf of Plaintiff as the named plaintiff. Had they conducted a reasonable investigation into the financial transaction upon which this entire case is based, Plaintiff's counsel never would have filed suit on Plaintiff's behalf.

Bayer should also be awarded its reasonable attorney fees and costs incurred in defending

this meritless action because the original Complaint and the Amended Complaint are factually misleading, not supported by existing evidence, and presented for an improper purpose.[2] "[W]here the original complaint is the improper pleading, all attorney's fees reasonably incurred in defending against the claims asserted in the complaint form the proper basis for sanctions." *Kunimoto v. Fidell*, 26 F. App'x 630, 633 (9th Cir. 2001) (quoting *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993)). Here, nearly two years have passed since Plaintiff's pre-complaint demand letter in which she inaccurately stated that she paid for Mirena. The parties have engaged in extensive motions practice to narrow Plaintiff's case, including challenges to Plaintiff's standing. The Court has devoted substantial time and attention to evaluating the sufficiency of Plaintiff's claims, all of which were built on a foundation of quicksand because there is no evidence that Plaintiff has suffered any actual harm. Accordingly, Bayer should recover all its attorneys' fees incurred to date in defense of this litigation. If the Court determines that an award of fees and costs is appropriate here, Bayer will submit evidence of its costs and attorneys' fees, including those associated with litigating this Rule 11 Motion, *see* Campbell Decl. ¶ 15. *See Kunimoto*, 26 F. App'x at 634 (citing *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998)).

## VI.     CONCLUSION

For the foregoing reasons, Bayer respectfully requests that the Court enter an Order imposing Rule 11 sanctions against Plaintiff's counsel, including dismissing the Amended Complaint with prejudice and awarding Bayer reasonable fees and costs incurred in defending this action since the Original Complaint was filed. Bayer is prepared to submit its fees and costs, as directed by the Court.

---

[2] Bayer gave Plaintiff's counsel sufficient notice through the meet and confer process in an effort to avoid burdening the Court with this Motion; however, given Plaintiff's counsel's failure to serve a substantive response, Bayer is moving for sanctions as soon as practicable pursuant to Local Rule 7-8(c).

Dated: February 16, 2024

**DLA PIPER LLP (US)**

By: /s/ *Isabelle L. Ord*
    ISABELLE L. ORD
    Attorneys for Defendant
    BAYER HEALTHCARE
    PHARMACEUTICALS INC.