1  ISABELLE L. ORD (Bar No. 198224)
   isabelle.ord@us.dlapiper.com
2  TIA Q. NGUYEN (Bar No. 338778)
   tia.nguyen@us.dlapiper.com
3  **DLA PIPER LLP (US)**
   555 Mission Street, Suite 2400
4  San Francisco, CA 94105-2933
   Tel: 415.836.2500
5  Fax: 415.836.2501
6
7  CHRISTOPHER G. CAMPBELL (*pro hac vice*)
   christopher.campbell@us.dlapiper.com
8  **DLA PIPER LLP (US)**
9  One Atlantic Center
   1201 W. Peachtree St. NE #2900
10 Atlanta, GA 30309
   Tel: 404.736.7800
11 Fax: 404.682.7800

ILANA H. EISENSTEIN (*pro hac vice*)
ilana.eisenstein@us.dlapiper.com
RACHEL A.H. HORTON (*pro hac vice*)
rachel.horton@us.dlapiper.com
**DLA PIPER LLP (US)**
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Tel: 215.656.3300
Fax: 215.656.3301

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

PRIYA SIDHU, individually and on behalf of all others similarly situated,

Plaintiff,

v.

BAYER HEALTHCARE PHARMACEUTICALS, INC.,

Defendant.

CASE NO. 5:22-cv-01603-BLF

**DECLARATION OF CHRISTOPHER G. CAMPBELL IN SUPPORT OF DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS, INC.'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11**

Date:       May 9, 2024
Time:       9:00 a.m.
Location:   Courtroom 3, 5th Floor
Judge:      Hon. Beth Labson Freeman

I, Christopher G. Campbell, hereby declare as follows:

1.      I am a partner with the law firm DLA Piper LLP (US), counsel of record for Defendant Bayer Healthcare Pharmaceuticals, Inc. ("Bayer") in this action.  I submit this declaration in support of Bayer's Motion for Sanctions.  I have personal knowledge of the facts set forth in this declaration and if called upon, could and would testify competently thereto.

2.      A true and correct copy of an excerpt of the transcript from the October 27, 2022 hearing on Bayer's Motion to Dismiss is attached as **Exhibit A**.  During that hearing, Plaintiff Priya Sidhu's ("Plaintiff's") counsel represented: "She alleges she had a co-pay." *Id.* at 33:7.

3.      Upon learning that it was unlikely that Plaintiff had paid out of pocket for her Mirena, Bayer promptly raised this issue with Plaintiff's counsel.  On November 29, 2023, I wrote to Plaintiff's counsel requesting proof by December 1, 2023 that: (1) Plaintiff paid for her Mirena, as alleged in the complaint; and (2) the basis for Plaintiff's claim that others paid for Mirena, in light of the Affordable Care Act.  A true and correct copy of this correspondence is attached as **Exhibit B**.  Plaintiff did not do so.

4.      On December 11, 2023, my co-counsel and I met and conferred with Plaintiff's counsel, Joshua Arisohn and Max Roberts.  We asked for proof that Plaintiff paid for her Mirena as alleged.

5.      Plaintiff's counsel stated that they were in the process of gathering information from Plaintiff and other (unnamed) putative plaintiffs and that they would provide that information by the end of the week.

6.      Plaintiff's counsel did not do so—instead, they served one response to a third-party subpoena indicating that some payments for Mirena had been made (but not by the named Plaintiff).

7.      On December 14, 2023, Plaintiff's counsel responded to Bayer's interrogatories and document requests.   Despite representing that Plaintiff "will produce any non-privileged documents" in response to requests regarding Plaintiff's payment for Mirena, that has not occurred.  A true and correct copy of an excerpt of Plaintiff's responses to Bayer's first set of document requests, which were served on December 14, 2022, is attached as **Exhibit C**.  On December 20, 2023, I wrote to Plaintiff's counsel requesting proof by December 22, 2023 that: (1) Plaintiff paid

for her Mirena as alleged in the complaint; and (2) the basis for her claim that others paid for Mirena. A true and correct copy of this correspondence is attached as **Exhibit D**, at 7-8.  Plaintiff's counsel did not serve any such proof.  *See* Ex. C.

8.      I followed up again on December 29.  A true and correct copy of this correspondence is attached as **Exhibit E**.

9.      Rather than producing responsive documents, Mr. Roberts responded by stating that Plaintiff's counsel would dismiss the case if they were unable to obtain evidence by January 19 demonstrating that Plaintiff paid for her Mirena.  *See* Ex. D.

10.      On January 18, 2024, Mr. Roberts wrote to me via email and advised that "Ms. Sidhu is still attempting to procure relevant documents" establishing proof of payment. Rather than dismissing the case as promised in Mr. Robert's December 29 email, Plaintiff's counsel indicated that they intend to substitute Ms. Sidhu for a new plaintiff.  *See* **Exhibit F**.

11.      Bayer has savings and reimbursement programs which help eligible patients receive Mirenas at no cost.

12.      Plaintiff did not dismiss this action in mid-January has Plaintiff's counsel represented.

13.      No proof of Plaintiff's out-of-pocket payment for Mirena has been produced.

14.      This Motion was served on Plaintiff's counsel on January 19, 2024.

15.      Bayer is prepared to submit evidence of its attorney's fees and costs expended during this litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 15th day of February 2024 in Atlanta, Georgia.

_____
CHRISTOPHER G. CAMPBELL

# EXHIBIT A

```
1                IN THE UNITED STATES DISTRICT COURT

2             FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                        SAN JOSE DIVISION

4

     SIDHU,                        )   CV-22-1603-BLF
5                                  )
                    PLAINTIFF,     )   SAN JOSE, CALIFORNIA
6                                  )
          VS.                      )   OCTOBER 27, 2022
7                                  )
     BAYER HEALTHCARE              )   PAGES 1-41
8    PHARMACEUTICALS INC.,         )
                                   )
9                   DEFENDANT.     )
                                   )
10   _____

11                   TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE BETH LABSON FREEMAN
12                 UNITED STATES DISTRICT JUDGE

13                      A P P E A R A N C E S

14

15      FOR THE PLAINTIFF:        BY:  MAX STUART ROBERTS
                                  BURSOR AND FISHER, P.A.
16                                888 7TH AVENUE
                                  THIRD FLOOR
17                                NEW YORK, NY 10019

18

19      FOR THE DEFENDANT:        BY:  ISABELLE LOUISE ORD
                                  DLA PIPER LLP
20                                555 MISSION STREET, SUITE 2400
                                  SAN FRANCISCO, CA 94105
21

22        APPEARANCES CONTINUED ON THE NEXT PAGE

23   OFFICIAL COURT REPORTER:       SUMMER FISHER, CSR, CRR
                                    CERTIFICATE NUMBER 13185
24

25        PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
             TRANSCRIPT PRODUCED WITH COMPUTER
```

1      APPEARANCES CONTINUED:

2      FOR THE DEFENDANT:        **BY:  CHRISTOPHER G. CAMPBELL**
                                 DLA PIPER LLP
3                                ONE ATLANTIC CENTER
                                 1201 WEST PEACHTREE STREET
4                                STE 2800
                                 ATLANTA, GA 30309
5

6      FOR THE DEFENDANT:        **BY:  ILANA HOPE EISENSTEIN**
                                 DLA PIPER LLP
7                                ONE LIBERTY PLACE
                                 1650 MARKET STREET
8                                SUITE 4900
                                 PHILADELPHIA, PA 19103
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1            SAN JOSE, CALIFORNIA              OCTOBER 27, 2022

2                        P R O C E E D I N G S

3       (COURT CONVENED AT 9:49 A.M.)

4            THE CLERK:  CALLING CASE 22-1603.  SIDHU VERSUS BAYER

5     HEALTHCARE PHARMACEUTICALS.

6            THE COURT:  GOOD MORNING, EVERYONE.  THANKS FOR

7     JOINING ON ZOOM.  LET'S CALL THE CASE AND GET YOUR APPEARANCES.

8            THE CLERK:  COUNSEL, IF YOU WOULD PLEASE STATE YOUR

9     APPEARANCES, AND IF WE COULD BEGIN WITH PLAINTIFF AND THEN MOVE

10    TO DEFENDANT.

11           MR. ROBERTS:  GOOD MORNING, YOUR HONOR.

12      MAX ROBERTS, BURSOR FISHER, FOR PLAINTIFF PRIYA SIDHU AND

13    THE PUTATIVE CLASS.

14           THE COURT:  GOOD MORNING.

15           THE COURT:  ANYONE ELSE FOR PLAINTIFF?

16           MR. ROBERTS:  NO, YOUR HONOR.

17           THE COURT:  OKAY.  AND FOR DEFENDANTS?

18           MS. ORD:  GOOD MORNING, YOUR HONOR.

19      ISABELLE ORD, CHRISTOPHER CAMPBELL AND ILANA EISENSTEIN

20    ON BEHALF OF THE DEFENDANT.

21      MS. EISENSTEIN IS GOING TO BE HANDLING MOST OF THE

22    ARGUMENT TODAY.

23           THE COURT:  OH, GOOD.

24      WE WILL GET HER UP ON THE --

25           THE CLERK:  MS. EISENSTEIN, IF YOU COULD ENGAGE YOUR
```

1     THAT YOU DO THAT.

2          MR. ROBERTS:  YES.

3          THE COURT:  AND THEN I'M GOING TO ASK THAT YOU PLEAD

4     FACTS ON THE EQUITABLE RELIEF UNDER SONNER.  THAT'S NOT -- I

5     DON'T THINK IT'S DIFFICULT TO DO, IT JUST NEEDS TO BE DONE.

6          MR. ROBERTS:  YES, YOUR HONOR.

7          THE COURT:  ALL RIGHT.  ANY OTHER COMMENTS YOU WOULD

8     LIKE TO MAKE, MR. ROBERTS, BEFORE I GIVE MS. EISENSTEIN THE

9     LAST WORD?

10         MR. ROBERTS:  TWO QUICK COMMENTS, YOUR HONOR.

11     SO FIRST THING IS I HEARD WHAT YOU SAID ABOUT WOULD A

12    WOMAN PAY ANYTHING FOR A DRUG VERSUS WOULD SHE PAY NOTHING.  I

13    THINK WE ARE TRYING TO COUCH OUR DAMAGES THEORY, BUT I AM

14    OBVIOUSLY SENSITIVE TO WHAT YOU ARE SAYING, AND FROM A PERSONAL

15    STANDPOINT, I AGREE, AND WE WILL TAKE A LOOK AT THAT AS WELL.

16        THE COURT:  THE CASE I HEARD BEFORE YOURS WAS ABOUT A

17     PRINTER.  AND SO SURE, I MEAN, MAYBE I PAID TEN DOLLARS FOR ONE

18     THAT I HAD TO USE THE COMPLYING PRODUCT, BUT I'M NOT GOING TO

19     PAY A HUNDRED DOLLARS IF I'M STUCK WITH YOUR MORE EXPENSIVE

20     PRINTERS, BUT THIS IS A WHOLE DIFFERENT THING.

21        MR. ROBERTS:  I THINK, YOUR HONOR, THAT IF THIS CASE

22    GOES FORWARD AND WE ARE TRYING TO DO A DAMAGES THEORY, IT WOULD

23    BE A FULL REFUND.  BUT AT LEAST AT THE PLEADINGS -- WE ARE

24    PLEADING TWO ALTERNATIVES, WHICH WE ARE PERMITTED TO DO UNDER

25    RULE 8.

1    AND THE SECOND THING, AND I APOLOGIZE --

2         THE COURT:  DOES YOUR CLIENT, DID SHE ALLEGE THAT SHE

3    HAD THIS IUD REMOVED ONCE SHE LEARNED ABOUT THE INCREASED RISK?

4         MR. ROBERTS:  SHE ALLEGES SHE STOPPED TAKING THE IUD

5    IN FEBRUARY OF 2022.

6         THE COURT:  OKAY.  GOOD.

7         MR. ROBERTS:  SHE ALLEGES SHE HAD A CO-PAY.

8    AND THE LAST THING, YOUR HONOR, I WOULD JUST ALSO POINT

9    THIS COURT TO THE DECISION WENDELL V. JOHNSON & JOHNSON, WHICH

10   IS 2010 WL271423 AT STAR 3.  NORTHERN DISTRICT OF CALIFORNIA,

11   JANUARY 20TH, 2010.  AND THAT CASE DENIED A DRUG MANUFACTURER'S

12   MOTION TO DISMISS, BECAUSE AT THE PLEADING STAGE, THE

13   MANUFACTURER COULD NOT PROVE THAT THE LEARNED INTERMEDIARY

14   DOCTRINE BARRED ALL OF THE PLAINTIFFS CLAIMS, WHERE THE

15   MANUFACTURER DID NOT ADEQUATELY CONVEY THE PHYSICIAN'S KNOWN OR

16   KNOWABLE RISKS.

17        THE COURT:  OKAY.  GOOD.  THANK YOU.

18        MR. ROBERTS:  THAT'S ALL I HAVE, UNLESS YOUR HONOR

19   HAS FURTHER QUESTIONS.  I THANK YOU FOR YOUR TIME.

20        THE COURT:  OKAY.

21   LET ME RETURN TO MS. EISENSTEIN.  I'M INTERESTED IN THIS

22   ISSUE WHICH WAS CLEARLY BRIEFED IN THE OPPOSITION.  I DON'T

23   RECALL THAT YOU ADDRESSED IT DIRECTLY IN YOUR REPLY AS TO

24   WHETHER THIS IS AN AFFIRMATIVE DEFENSE, THE LEARNED

25   INTERMEDIARY DOCTRINE, SUCH THAT PLAINTIFF HAS NO OBLIGATION TO

1    PLEAD FACTS SHOWING INADEQUATE DISCLOSURE.

2              MS. EISENSTEIN:  THANK YOU, YOUR HONOR.

3         SO WE DID BRIEF THAT AT PAGE 4 OF OUR REPLY, AND THE

4    ANSWER IS IT IS NOT.  AND ACTUALLY, THE HIMES DECISION MAKES

5    THAT CLEAR IN A PART THAT WAS NOT CERTIFIED TO THE CALIFORNIA

6    SUPREME COURT, AND ALSO REJECTED THE OTHER PREMISE OF

7    MR. ROBERTS'S ARGUMENT.  BECAUSE IT SAYS, "TO START," I'M

8    QUOTING FROM HIMES, "WE REJECT THE APPELLANT'S ARGUMENT THAT

9    THE LEARNED INTERMEDIARY DOCTRINE DOES NOT APPLY WHENEVER THE

10   MANUFACTURER HAS NOT PROVIDED SUFFICIENT WARNINGS TO A

11   PHYSICIAN."

12        SO, I MEAN, THAT COULDN'T BE CLEARER.  NINTH CIRCUIT HELD

13   THAT IT'S NOT THE CASE THAT THE LEARNED INTERMEDIARY DOCTRINE

14   GOES OUT THE WINDOW JUST BECAUSE OF AN ALLEGATION OF

15   INSUFFICIENT WARNING.

16        AND ON THE SECOND PART OF HIMES, IT'S ALSO CLEAR, WHICH IS

17   THAT IT IS A QUESTION OF THE DUTY OF CARE AND ALSO CAUSATION,

18   WHICH ARE BOTH PRONGS OF THE PLAINTIFF'S CASE, NOT -- THEY

19   DON'T GO TO THE AFFIRMATIVE, NOT AFFIRMATIVE DEFENSE RUBRIC,

20   BUT IT SAYS UNDER CALIFORNIA LAW, WHEN DRUGS OR MEDICAL DEVICES

21   ARE SUPPLIED IN THE CONTEXT OF A PHYSICIAN/PATIENT

22   RELATIONSHIP, THE LEARNED INTERMEDIARY DOCTRINE APPLIES, AND

23   THE DUTY TO WARN RUNS TO THE PHYSICIAN, NOT TO THE PATIENT.

24   NONE OF THAT IN DISPUTE IN THE CERTIFICATION ORDER.

25        AND IN TERMS OF COURTS THAT HAVE APPLIED, BESIDES KAMLADE,

# EXHIBIT B



**DLA Piper LLP (US)**
One Atlantic Center
1201 West Peachtree Street
Suite 2900
Atlanta, Georgia 30309-3449
www.dlapiper.com

Christopher G. Campbell
Christopher.Campbell@us.dlapiper.com
T   404.736.7808
F   404.682.7874

November 29, 2023

*Via E-Mail: Jarisohn@bursor.com*

Joshua D. Arisohn
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY 10019

RE:     *Sidhu v. Bayer HealthCare Pharmaceuticals Inc.*
        **Payment Without Cost Sharing for Contraceptive Services Under the
        Affordable Care Act**

Dear Joshua:

We write regarding your claim that Ms. Sidhu paid for Mirena.[1] Your client's claims are premised on allegations that she paid $50 for her Mirena and that, had she been warned about an alleged breast cancer risk, she and the other putative class members "would not have purchased the Product or only agreed to pay significantly less for it."[2]

Yet, pursuant to Section 2713 of the Public Health Services Act, which was added by the 2010 Affordable Care Act, group health plans and health insurance issuers must provide coverage for "contraceptive services" to patients *without cost sharing* (i.e., without copayment, coinsurance, or deductible).[3] Contraceptive services are defined as "preventive care and screenings…, including all FDA-approved contraceptives, sterilization procedures, and patient education and counseling for women with reproductive capacity, as prescribed by a health care provider."[4] In accordance

---

[1] First Am. Comp., ¶ 37.

[2] *See e.g.*, Pl. Am. Comp., ¶ 38 ("…Defendant's representations and warranties were part of the basis of the bargain, in that Ms. Sidhu would not have paid for the Mirena IUD…"), *Id.* at ¶ 67 ("Plaintiff and the Class conferred a benefit on Defendant in the form of monies paid to purchase the product."), *Id.* at ¶ 97 ("The purchases by the Plaintiff and California Subclass Members constitute "transactions," as defined by California Civil Code § 1761 (e)."), *Id.* at ¶ 105 ("As a direct and proximate result of Defendant's…conduct, Plaintiff and the California Subclass suffered injury-in-fact and lost money."), *Id.* at ¶ 118 ("…Plaintiff and California Subclass Members would not have purchased or used Mirena…").

[3] 29 C.F.R. § 2590.715-2713.

[4] 80 FR 41318 (July 14, 2015); *see also* Letter from Secretaries Xavier Beccerra, Janet Yellen, and Martin Walsh (June 27, 2022), *available at* letter-to-plans-and-issuers-on-access-to-contraceptive-coverage (cms.gov) ("The Affordable Care Act (ACA) ensures access to coverage, without cost-sharing, for birth control and contraceptive counseling for individuals enrolled in group health plans and group and individual health insurance coverage…This coverage must also include the clinical services, including patient education and counseling, needed for the provision



Joshua D. Arisohn
November 29, 2023
Page Two

with Section 2713 and the applicable guidelines set forth by the Health Resources Services Administration, "if an individual and their attending provider determine that a particular service or FDA-approved, cleared, or granted contraceptive product is medically appropriate for the individual, the plan or issuer must cover that service or product without cost sharing."[5] Mirena is a contraceptive device subject to the Act. Accordingly, Ms. Sidhu (and all putative class members) should receive Mirena and "the clinical services, including patient education and counseling, needed for the provision of" Mirena at no out-of-pocket cost. As a result, it appears that neither Ms. Sidhu nor putative class members suffered damages, and there is no basis for this lawsuit.

Because this is a foundational issue, we respectfully request that you produce evidence no later than **Friday, December 1, 2023, that: (1) Ms. Sidhu paid for her Mirena; and (2) the basis for your claim that others paid for their Mirena, in light of the Affordable Care Act**. As we are preparing to embark on what is expected to be a costly and time-consuming discovery process, we believe it is important to address this issue as soon as possible, and before either side incurs significant costs. We will write separately in follow up to your recent discovery requests. This letter is made without prejudice to any other rights or remedies that may be available to Bayer, and Bayer reserves all rights, including the right to recover any costs associated with discovery.

As you know Plaintiff had an obligation to investigate the merits of her claims before bringing or maintaining this action. Rule 11 of the Federal Rules of Civil Procedure makes every signature on a pleading a certification by counsel that, among other things, the pleading "is not being presented for any improper purpose" and that "the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b).

---

of the contraceptive product or service, and items and services that are integral to the furnishing of the recommended preventive service, regardless of whether the item or service is billed separately."); Health Resources & Services Administration, Women's Preventive Services Guidelines, *available at* Women's Preventive Services Guidelines | HRSA ("Under section 2713 of the Public Health Service Act, as modified by the ACA, non-grandfathered group health plans and non-grandfathered group and individual health insurance coverage are required to cover specified preventive services without a copayment, coinsurance, deductible, or other cost sharing, including preventive care and screenings for women as provided for in comprehensive guidelines supported by HRSA for this purpose.").

[5] "FAQS About Affordable Care Act Implementation Part 51, Families First Coronavirus Response Act and Coronavirus Aid, Relief, and Economic Security Act Implementation," (Jan. 10, 2022), *available at* FAQs about Affordable Care Act Implementation Part 51, Families First Coronavirus Response Act and Coronavirus Aid, Relief, and Economic Security Act Implementation (dol.gov).



Joshua D. Arisohn
November 29, 2023
Page Three


We look forward to hearing from you by Friday.

Sincerely,

DLA Piper, LLP (US)

Christopher G. Campbell

# EXHIBIT C

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (*Pro Hac Vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: mroberts@bursor.com
      jdiamond@bursor.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIYA SIDHU, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br> v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.,<br><br>       Defendant. | Case No. 5:22-cv-01603-BLF<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION** |

6.      Plaintiff objects to the Requests on the ground and to the extent that they are overly broad, burdensome, oppressive, and designed solely to harass and annoy Plaintiff and Plaintiff's counsel.

7.      Plaintiff objects to the Requests on the ground and to the extent that they call for legal conclusions, or they assume or appear to assume that any fact or event is true.  By responding to any such discovery request, Plaintiff does not concede the accuracy of any such conclusion or assumption.

8.      Plaintiff objects to the Requests on the ground and to the extent that they are vague, ambiguous, and lacking particularity.

9.      Plaintiff objects to the Requests on the ground and to the extent that they are not limited to the time period relevant to this litigation, on the ground that such requests seek information which is neither relevant to any issue in this action nor calculated to lead to the discovery of admissible evidence.

10.      Plaintiff objects to the Requests on the ground and to the extent that they call for the production of documents that are equally available to Defendant or are in Defendant's possession.

11.      Plaintiff objects to the Requests on the ground and to the extent that they are cumulative or duplicative of other Requests and/or to the extent that they seek information obtainable from other more convenient and less burdensome or expensive sources, including public sources.

12.      Plaintiff incorporates each of these General Objections as though fully set forth in each answer and response below.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications that support the allegations in Your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates the General Objections as if fully set forth herein.  Plaintiff objects to this Request to the extent it seeks production of documents already in Defendant's possession, custody, or control, that are publicly available, or equally available to Defendant.  Plaintiff objects to this Request to the extent it seeks premature disclosure of expert discovery, which shall be

disclosed at the time set by the Court's Case Management Order and Scheduling Plan (ECF No. 75). Plaintiff objects to this Request as seeking documents and communications protected by the attorney work-product doctrine.  Plaintiff objects to this Request as premature, as discovery has only just begun.

Subject to and without waiving the foregoing objections, and following a reasonable search, Plaintiff will produce any non-privileged documents and communications currently in her possession, custody, and control that are responsive to this Request.  Plaintiff reserves the right to supplement her response following further discovery.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents that evidence or reflect Your use and/or purchase of any Birth Control in the 10 years prior to Mirena placement through present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff incorporates the General Objections as if fully set forth herein.  Plaintiff objects to this request to the extent it seeks production of documents that not relevant or material to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.  The Request seeks documents concerning "any" non-Mirena birth control over a ten-year time period, which is not relevant to any party's claim or defense.  Plaintiff further objects to this request to the extent it seeks information covered by the physician-doctor privilege.

Subject to and without waiving the foregoing objections, and following a reasonable search and the entry of an appropriate Protective Order, Plaintiff will produce any non-privileged documents in her possession, custody, and control regarding her use and/or purchase of Mirena.  Plaintiff will otherwise not respond to this Request based on the foregoing objections.  Plaintiff is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents that evidence or reflect payments made by any third-party payor for your use of Mirena. For purposes of this Request, "third-party payor" refers to any public or private intermediary between you and your Healthcare Provider that partially or fully covered the cost of your Mirena.

1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

2

Plaintiff incorporates the General Objections as if fully set forth herein.

3

Subject to and without waiving the foregoing objections, and following a reasonable search

4

and the entry of an appropriate Protective Order, Plaintiff will produce any non-privileged documents

5

in her possession, custody, and control.

6

**REQUEST FOR PRODUCTION NO. 4:**

7

All Documents or information You relied upon in deciding to use Mirena.

8

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

9

Plaintiff incorporates the General Objections as if fully set forth herein.  Plaintiff objects to

10

this Request as unrelated to the discovery of evidence relevant to any party's claim or defense.  As

11

Bayer argued, and as the Court held in its Order Regarding the Motion to Dismiss (ECF No. 45),

12

"the learned intermediary doctrine applies to and bars all of Plaintiff's claims to the extent they are

13

premised on Defendant's alleged duty to warn patients." *Sidhu v. Bayer Healthcare Pharmaceuticals*

14

*Inc.*, 2023 WL 6541865, at *10 (N.D. Cal. Oct. 5, 2023).  As such, any representations Plaintiff,

15

rather than her doctor, relied upon are irrelevant to this lawsuit according to Bayer.  Plaintiff objects

16

to this Request as it requires her to identify "any" information provided by any person or entity (not

17

only Bayer) during an indeterminate time period that she may have relied upon.  Plaintiff objects to

18

this Request to the extent it seeks documents within Bayer's possession, custody, or control, or that

19

are otherwise equally accessible to Bayer or are publicly available.

20

Subject to and without waiving the foregoing objections, and following a reasonable search,

21

Plaintiff responds as follows: Plaintiff does not have any such documents in her possession, custody,

22

or control.

23

**REQUEST FOR PRODUCTION NO. 5:**

24

All Communications with others Concerning Mirena and the risk of breast cancer, Including

25

the date and method of each Communication, the parties to each Communication, and the substance

26

and circumstances of the Communication.

27

28

assessments, treatments, and prognoses," which has nothing to do with the issues in this matter and is intended to harass Plaintiff.  The information sought by the HIPAA release is not even tethered to birth control.

Based on the foregoing objections, Plaintiff will not respond to this request and will not execute the HIPAA release.

Dated: December 14, 2023           **BURSOR & FISHER, P.A.**

                                   By: */s/ L. Timothy Fisher*
                                        L. Timothy Fisher

                                   L. Timothy Fisher (State Bar No. 191626)
                                   1990 North California Boulevard, Suite 940
                                   Walnut Creek, CA 94596
                                   Telephone: (925) 300-4455
                                   Facsimile:  (925) 407-2700
                                   E-Mail: ltfisher@bursor.com


                                   **BURSOR & FISHER, P.A.**
                                   Max S. Roberts (*pro hac vice*)
                                   Julian C. Diamond (*pro hac vice*)
                                   888 Seventh Avenue
                                   New York, NY 10019
                                   Telephone: (646) 837-7150
                                   Facsimile:  (212) 989-9163
                                   Email: mroberts@bursor.com
                                          jdiamond@bursor.com

                                   *Attorneys for Plaintiff*

# EXHIBIT D

**Marshall, Emily**

| | |
|---|---|
| **From:** | Max Roberts <mroberts@bursor.com> |
| **Sent:** | Friday, December 29, 2023 5:33 PM |
| **To:** | Campbell, Christopher |
| **Cc:** | Burr, Jennifer; jarisohn@bursor.com; Nguyen, Tia; ltfisher@bursor.com; awinfield@bursor.com; Ord, Isabelle; Eisenstein, Ilana; Marshall, Emily; Horton, Rachel |
| **Subject:** | Re: Sidhu v. Bayer - Follow-up Letter Regarding Affordable Care Act |

⚠ EXTERNAL MESSAGE

Chris,

*First*, we note that sending a Rule 11 threat the day before a holiday weekend is incredibly unprofessional. This is the second time I have encountered this issue with someone from your firm.

*Second*, we note that FRCP 11(c)(2) requires you to give Plaintiff 21 days to rectify any alleged issue. Assuming you are raising that issue today, Plaintiff would have until January 19, 2024 to rectify the issue. Any earlier Rule 11 motion would be denied as procedurally improper.

*Third*, your letter is inaccurate. You have requested proof that Ms. Sidhu paid for Mirena and that other class members paid for Mirena. We provided you proof of the latter on December 18, 2023, making your comments that Plaintiff "did not respond" to your December 20, 2023 letter. We have been as responsive as we are able based on the documents that are available. As you are aware, discovery has been open for all of two months, and given we have already rebutted one of your contentions (*i.e.*, that other class members did not pay for Mirena), it would seem Bayer is rushing to the courthouse rather than letting discovery actually play out.

*Fourth*, as to Ms. Sidhu, she has claimed she has a copay and is working on procuring documents demonstrating the same. Specifically, Ms. Sidhu has requested documents from Blue Cross Blue Shield - which was her insurer at the time she was first prescribed Mirena - but has not yet received those documents. Bayer's insistence that Ms. Sidhu produce documents immediately upon request is hypocritical given its failure to do the same. And the fact Ms. Sidhu does not have such documents in her possession, custody, or control does not mean such proof does not exist.

Nevertheless, given that you have made a Rule 11 threat, we understand that Ms. Sidhu has 21 days to produce documentary evidence of a payment resulting from her purchase or use of Mirena. If she does not, she will dismiss the case.

Max

On Fri, Dec 29, 2023 at 3:40 PM Campbell, Christopher <Christopher.Campbell@us.dlapiper.com> wrote:

> Dear Max and Josh,
>
>
> Please see the attached letter. We wish you and your families a Happy New Year.
>
>
> Chris

1

**From:** Max Roberts <mroberts@bursor.com>
**Sent:** Wednesday, December 27, 2023 8:02 PM
**To:** Campbell, Christopher <Christopher.Campbell@us.dlapiper.com>
**Cc:** Burr, Jennifer <jennifer.burr@us.dlapiper.com>; jarisohn@bursor.com; Nguyen, Tia <Tia.Nguyen@us.dlapiper.com>; ltfisher@bursor.com; awinfield@bursor.com; Ord, Isabelle <Isabelle.Ord@us.dlapiper.com>; Eisenstein, Ilana <Ilana.Eisenstein@us.dlapiper.com>; Marshall, Emily <Emily.Marshall@us.dlapiper.com>; Horton, Rachel <Rachel.Horton@us.dlapiper.com>
**Subject:** Re: Sidhu v. Bayer - Follow-up Letter Regarding Affordable Care Act

⚠ EXTERNAL MESSAGE

Chris,

As I noted in my email, Ms. Sidhu is conducting a reasonable search for responsive documents.

Does Bayer intend to produce documents responsive to Plaintiff's requests immediately?

Max

—Sent From My iPhone—

Max S. Roberts

Bursor & Fisher, P.A.
1330 Avenue of the Americas, 32nd Floor

New York, NY 10019

646-837-7408 (tel)
212-989-9163 (fax)

PRIVILEGED COMMUNICATION
This email may contain confidential material or other matter protected by the attorney-client privilege.  Unless you are the addressee (or are authorized to receive this email for the addressee), you may not copy, use or distribute it.  If you receive this email in error, please contact the sender immediately and permanently delete the email from any and all storage devices under your control.

On Dec 27, 2023, at 7:45 PM, Campbell, Christopher <Christopher.Campbell@us.dlapiper.com> wrote:

Dear Max, do you have proof that Ms. Sidhu paid for Mirena as you alleged in your complaint?  If so, please provide that immediately.

## Christopher G. Campbell

Partner

| | |
|---|---|
| T  +1 404 736 7808 | **DLA Piper LLP (US)** |
| F  +1 404 682 7874 | One Atlantic Center |
| M  +1 404 771 6751 | 1201 West Peachtree Street, Suite 2900 |
| christopher.campbell@us.dlapiper.com | Atlanta, GA  30309-3450 |

---

**From:** Max Roberts <mroberts@bursor.com>
**Sent:** Wednesday, December 27, 2023 4:51:12 PM
**To:** Campbell, Christopher <Christopher.Campbell@us.dlapiper.com>
**Cc:** Burr, Jennifer <jennifer.burr@us.dlapiper.com>; jarisohn@bursor.com <jarisohn@bursor.com>; Nguyen, Tia <Tia.Nguyen@us.dlapiper.com>; ltfisher@bursor.com <ltfisher@bursor.com>; awinfield@bursor.com <awinfield@bursor.com>; Ord, Isabelle <Isabelle.Ord@us.dlapiper.com>; Eisenstein, Ilana <Ilana.Eisenstein@us.dlapiper.com>; Marshall, Emily <Emily.Marshall@us.dlapiper.com>; Horton, Rachel <Rachel.Horton@us.dlapiper.com>
**Subject:** Re: Sidhu v. Bayer - Follow-up Letter Regarding Affordable Care Act

⚠ EXTERNAL MESSAGE

Chris,

On December 18, Josh sent you a response from one insurer (the only response we have received so far) indicating that other class members made payments for Mirena.  I am re-attaching that response for your review, as well as a copy of that e-mail (which you were copied on).  Josh also noted we would send you other insurance responses as they come in.  We are happy to discuss if you have any

questions, or you can ask the insurer yourself.  But it would be an inaccurate statement to say we have "fail[ed] to respond."

Ms. Sidhu answered your discovery requests on December 15 and is conducting a reasonable search for responsive documents.

Max

On Wed, Dec 27, 2023 at 2:32 PM Campbell, Christopher <Christopher.Campbell@us.dlapiper.com> wrote:

Dear Josh,

Despite our November 29 letter, our discovery requests, and our December 20 letter, you have still failed to provide proof that: (1) Ms. Sidhu paid for her Mirena as alleged in your complaint; and (2) the basis for your claim that others paid for Mirena, in light of the Affordable Care Act.  Your failure to respond after nearly a month leaves only one conclusion: you have no such proof.  Accordingly, we respectfully ask that you dismiss this case immediately.  It would be unfortunate if we are forced to raise this issue with the Court, but we will be forced to do so next week if you continue to be non-responsive.

Chris

**From:** Burr, Jennifer <jennifer.burr@us.dlapiper.com>
**Sent:** Wednesday, December 20, 2023 2:03 PM
**To:** jarisohn@bursor.com; Nguyen, Tia <Tia.Nguyen@us.dlapiper.com>
**Cc:** mroberts@bursor.com; ltfisher@bursor.com; awinfield@bursor.com; Ord, Isabelle <Isabelle.Ord@us.dlapiper.com>; Eisenstein, Ilana <Ilana.Eisenstein@us.dlapiper.com>; Marshall, Emily <Emily.Marshall@us.dlapiper.com>; Horton, Rachel <Rachel.Horton@us.dlapiper.com>; Campbell, Christopher <Christopher.Campbell@us.dlapiper.com>
**Subject:** Sidhu v. Bayer - Follow-up Letter Regarding Affordable Care Act

Dear Mr. Arisohn,

Please see the attached follow-up letter from Christopher Campbell regarding the above subject.

If you would like to discuss, we would again welcome a call.  Please let us know a good time.

Thank you,

## Jennifer M. Burr
Team Lead Legal Support

T   +1 404 736 7842              **DLA Piper LLP (US)**
M  +1 770 235 3056              One Atlantic Center
jennifer.burr@us.dlapiper.com    1201 West Peachtree Street, Suite 2900
                                 Atlanta, GA  30309-3450

<image001.png>                  dlapiper.com

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

--

Max S. Roberts

Bursor & Fisher, P.A.
1330 Avenue of the Americas, 32nd Floor

New York, NY 10019

646-837-7408 (tel)
212-989-9163 (fax)

[mroberts@bursor.com](mailto:mroberts@bursor.com)

[bursor.com](http://bursor.com)

PRIVILEGED COMMUNICATION
This email may contain confidential material or other matter protected by the attorney-client
privilege.  Unless you are the addressee (or are authorized to receive this email for the addressee), you
may not copy, use or distribute it.  If you receive this email in error, please contact the sender
immediately and permanently delete the email from any and all storage devices under your control.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of
the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any
unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents,
is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of
the message. To contact us directly, send to [postmaster@dlapiper.com](mailto:postmaster@dlapiper.com). Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended
recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use,
disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received
this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to
[postmaster@dlapiper.com](mailto:postmaster@dlapiper.com). Thank you.

--
Max S. Roberts
Bursor & Fisher, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
646-837-7408 (tel)
212-989-9163 (fax)
[mroberts@bursor.com](mailto:mroberts@bursor.com)
[bursor.com](http://bursor.com)

PRIVILEGED COMMUNICATION
This email may contain confidential material or other matter protected by the attorney-client privilege.  Unless you are
the addressee (or are authorized to receive this email for the addressee), you may not copy, use or distribute it.  If you
receive this email in error, please contact the sender immediately and permanently delete the email from any and all
storage devices under your control.



**DLA Piper LLP (US)**
One Atlantic Center
1201 West Peachtree Street
Suite 2900
Atlanta, Georgia 30309-3449
www.dlapiper.com

Christopher G. Campbell
Christopher.Campbell@us.dlapiper.com
T   404.736.7808
F   404.682.7874

December 20, 2023

*Via E-Mail: Jarisohn@bursor.com*

Joshua D. Arisohn
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY 10019

RE:   *Sidhu v. Bayer HealthCare Pharmaceuticals Inc.*
**Payment Without Cost Sharing for Contraceptive Services Under the
Affordable Care Act**

Dear Josh,

On November 29, 2023, we wrote to you requesting proof by December 1, 2023 that: (1) Ms.
Sidhu paid for her Mirena as alleged in your complaint; and (2) the basis for your claim that
others paid for Mirena, in light of the Affordable Care Act.  You did not respond.

On December 11, 2023, we met and conferred, and we again asked for proof that Ms. Sidhu paid
for her Mirena as alleged.  You indicated that you were in the process of gathering information
from her and other putative plaintiffs and that you would provide that information last
week.  You did not do so.

On December 14, 2023, you responded to our interrogatories and discovery requests.  Despite
saying that you "will produce any non-privileged documents" in response to requests regarding
Ms. Sidhu's payment for Mirena, you have not done so.  We also note that your interrogatory
responses indicate that Ms. Sidhu does not recall what, if anything, she paid for other birth
control.

More than 20 days have passed since our November 29, 2023 letter, and you have still not come
forward with proof that Ms. Sidhu paid for Mirena as you claimed.  We respectfully ask that you
provide all such proof by **Friday, December 22, 2023**, or concede that you do not have it.  It
would be unfortunate if we are forced to raise this issue with the Court due to your refusal to
respond.

As noted in our November 29 letter, this is a threshold issue.  As we are about to embark on what
is expected to be a costly and time-consuming discovery process, we believe it is important to
address this issue as soon as possible, before either side incurs significant costs, and we reserve



Joshua D. Arisohn
December 20, 2023
Page Two


all rights pending receipt of your response.  We will write separately in follow-up to other
aspects of your discovery responses.

Sincerely,

DLA Piper, LLP (US)

Christopher G. Campbell


CGC/jmb

# EXHIBIT E



**DLA Piper LLP (US)**
One Atlantic Center
1201 West Peachtree Street
Suite 2900
Atlanta, Georgia 30309-3449
www.dlapiper.com

Christopher G. Campbell
Christopher.Campbell@us.dlapiper.com
T   404.736.7808
F   404.682.7874

December 29, 2023

*Via E-Mail: Jarisohn@bursor.com*

Joshua D. Arisohn
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY 10019

> RE:   *Sidhu v. Bayer HealthCare Pharmaceuticals Inc.*
>        **Payment Without Cost Sharing for Contraceptive Services Under the**
>        **Affordable Care Act**

Dear Josh,

We write in further follow up on this issue.

On November 29, 2023, we wrote to you requesting proof by December 1, 2023 that: (1) Ms. Sidhu paid for her Mirena as alleged in your complaint; and (2) the basis for your claim that others paid for Mirena, in light of the Affordable Care Act.  You did not respond.

On December 11, 2023, we met and conferred, and we again asked for proof that Ms. Sidhu paid for her Mirena as alleged.  You indicated that you were in the process of gathering information from her and other putative plaintiffs and that you would provide that information last week.  You did not do so.

On December 14, 2023, you responded to our interrogatories and discovery requests.  Despite saying that you "will produce any non-privileged documents" in response to requests regarding Ms. Sidhu's payment for Mirena, you have not done so.  We also note that your interrogatory responses indicate that Ms. Sidhu does not recall what, if anything, she paid for other birth control.

On December 20, 2023, we again wrote requesting proof by December 22, 2023 that: (1) Ms. Sidhu paid for her Mirena as alleged in your complaint; and (2) the basis for your claim that others paid for Mirena, in light of the Affordable Care Act.  You did not respond.

On December 27, 2023, we sent a follow-up email, again requesting a response.  Your colleague, Max Roberts, finally responded (at least partially) by referring to a third-party subpoena response



Joshua D. Arisohn
December 29, 2023
Page Two

from an insurance carrier (which has nothing to do with Ms. Sidhu) and indicating that Ms. Sidhu "is conducting a reasonable search for responsive documents."

Mr. Roberts' email is nearly as concerning as your previous failure to respond. You sent a notice letter to Bayer on February 1, 2022, and you filed your complaint on March 14, 2022. Both your letter and the complaint represent to Bayer and to the Court that Ms. Sidhu paid a $50 co-pay for her Mirena. Yet, nearly two years have passed, and Mr. Roberts' email indicates that Ms. Sidhu is still "conducting a reasonable search for responsive documents" to support this claim. As we noted previously, Plaintiff had a Rule-11 obligation to investigate the merits of her claims before bringing or maintaining this action. It appears this obligation was not met before filing suit, and you have no proof that Ms. Sidhu paid for her Mirena as alleged.

This leaves us no choice but to prepare a Rule 11 motion. We anticipate serving that motion next week, so we ask for the last time: if you have the proof requested, please provide it.

Lastly, in response to Mr. Roberts' reference to Bayer's discovery responses, we reject this as false equivalence. As we noted in our November 29 letter, our request of Ms. Sidhu is a threshold issue, and we believe it is important to address this issue as soon as possible, before either side incurs significant costs. Nevertheless, because you have insisted, please note that we have been working diligently (including over the holidays) on further responses to your requests, and we reserve our rights to seek recovery of the fees and costs associated with this effort if it turns out that you do not have the proof requested. We reserve all other rights as well.

Sincerely,

DLA Piper, LLP (US)

Christopher G. Campbell

CGC/jmb

# EXHIBIT F

**Marshall, Emily**

| | |
|---|---|
| **From:** | Max Roberts <mroberts@bursor.com> |
| **Sent:** | Thursday, January 18, 2024 4:37 PM |
| **To:** | Campbell, Christopher; Horton, Rachel; Burr, Jennifer; Nguyen, Tia; Ord, Isabelle; Eisenstein, Ilana; Marshall, Emily |
| **Cc:** | jarisohn@bursor.com; ltfisher@bursor.com |
| **Subject:** | Re: Sidhu v. Bayer - Follow-up Letter Regarding Affordable Care Act |
| **Attachments:** | 2024.01.18 NEAR FINAL Mirena SAC.pdf; Copeland Docs.pdf; Priya Sidhu v. Bayer Subpoena_ Humana's Responses and Objections 2024.1.8.pdf; 2024.01.08 Privileged & Confidential Pharmacy Claims.xlsx; 2024.01.08 Privileged & Confidential Medical Claims 2.xlsx; 2024.01.08 Privileged & Confidential Medical Claims.xlsx; Custodian of Records Declaration - Sidhu v Bayer - signed R Zektser 10 Jan 2024.pdf; Sidhu v Bayer - KP0001 in response to subpoena.pdf; Sidhu v Bayer - Kaiser Foundation amended objections to subpoena 4 Jan 2024.pdf; Sidhu v Bayer - KP0002 - KP0010 in response to subpoena.pdf |

 EXTERNAL MESSAGE

Chris,

*First*, please see attached for subpoena responses produced by Humana.  I believe you were copied on the email from Kaiser, but I am re-attaching those documents in case not.  We are still waiting for other responses to come in.

*Second*, while Ms. Sidhu is still attempting to procure relevant documents from Blue Cross Blue Shield, we have been retained by an additional client in the meantime, Travette Copeland, who has provided us with proof of copay for Mirena (attached). These documents should be treated as confidential at this juncture, given they contain some of Ms. Copeland's PII.  Plaintiff Sidhu and Ms. Copeland intend to file the attached Second Amended Complaint, which (i) swaps Ms. Sidhu for Ms. Copeland, (ii) removes the claims dismissed by the Court in the MTD Order, and (iii) corrects a few typos or updates our contact information.  The SAC otherwise makes no substantive changes to the allegations, as can be seen in the attached redline.  Please let us know if Bayer will consent to the amendment.  If not, Plaintiff Sidhu and Ms. Copeland will move for substitution, which is likely to be granted.

*Third*, Ms. Copeland will commit to responding to Bayer's same discovery requests that were served on Plaintiff Sidhu within 14 days of the filing of the SAC.  If that is agreeable to Bayer, then Ms. Copeland would ask that Bayer amend and re-serve its December 4, 2023 discovery responses within 14 days of the filing of the SAC.  The Parties would then produce documents responsive to these requests within 21 days of service.

*Fourth*, we now expect Bayer will work cooperatively with us to finalize the protective order and ESI protocol in this case.

Max

--
Max S. Roberts
Bursor & Fisher, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
646-837-7408 (tel)
212-989-9163 (fax)

mroberts@bursor.com
bursor.com

PRIVILEGED COMMUNICATION
This email may contain confidential material or other matter protected by the attorney-client privilege.  Unless you are the addressee (or are authorized to receive this email for the addressee), you may not copy, use or distribute it.  If you receive this email in error, please contact the sender immediately and permanently delete the email from any and all storage devices under your control.