**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (*Pro Hac Vice*)
1330 Avenue of the Americas, 32nd floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: mroberts@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIYA SIDHU, individually and on behalf of all others similarly situated,<br><br>                 Plaintiff,<br><br>  v.<br><br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.,<br><br>            Defendant. | Case No.  5:22-cv-01603-BLF<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**<br><br>Date:        May 9, 2024<br>Time:       9:00 A.M.<br>Location:  Courtroom 3, 5th Floor<br>Judge:    Hon. Beth Labson Freeman |

# <u>TABLE OF CONTENTS</u>

**PAGE(S)**

INTRODUCTION ................................................................................................................1

LEGAL STANDARD .........................................................................................................1

ARGUMENT .......................................................................................................................2

    I.    DEFENDANT'S MOTION IS MOOT ................................................................2

    II.    MS. SIDHU'S CLAIM IS NOT BASELESS ....................................................4

    III.    PLAINTIFF'S COUNSEL CONDUCTED A REASONABLE AND
            COMPETENT INQUIRY ...................................................................................5

CONCLUSION .....................................................................................................................7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF AUTHORITIES**

**PAGE(S)**

**CASES**

*Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*,
   498 U.S. 533 (1991) .................................................................................................... 1

*Christian v. Mattel, Inc.*,
   286 F.3d 1118 (9th Cir. 2002) ...................................................................................... 2

*Cooter & Gell v. Hartmarx Corp.*,
   496 U.S. 384 (1990) ...................................................................................................... 2

*Dee-K Enterprises, Inc. v. Heveafil Sdn. Bhd.*,
   177 F.R.D. 351 (E.D. Va. 1998) ................................................................................... 3

*Himaka v. Buddhist Churches of Am.*,
   917 F. Supp. 698 (N.D. Cal. 1995) ............................................................................... 5

*Holgate v. Baldwin*,
   425 F.3d 671 (9th Cir. 2005) ................................................................................... 3, 5

*Hueter v. Kruse*,
   2021 WL 6428076 (D. Haw. Oct. 12, 2021) ................................................................. 3

*Love v. CHSP TRS San Francisco LLC*,
   2022 WL 597034 (N.D. Cal. Feb. 28, 2022) ................................................................. 4

*Mogan v. Sacks, Ricketts & Case LLP*,
   2022 WL 119212 (N.D. Cal. Jan. 12, 2022) ................................................................. 5

*Operating Eng'rs Pension Trust v. A-C Co.*,
   859 F.2d 1336 (9th Cir. 1988) ...................................................................................... 2

*Phigenix, Inc. v. Genentech Inc.*,
   2016 WL 6427884 (N.D. Cal. Oct. 31, 2016) ............................................................... 4

*Rivera v. E. Bay Mun. Util. Dist.*,
   2015 WL 6954988 (N.D. Cal. Nov. 10, 2015) .............................................................. 5

*Sneller v. City of Bainbridge Island*,
   606 F.3d 636 (9th Cir. 2010) ........................................................................................ 3

*Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*,
   216 F.R.D. 293 (E.D.N.Y. 2003) .................................................................................. 3

*Tom Growney Equip., Inc. v. Shelly Irrigation Dev., Inc.*,
   834 F.2d 833 (9th Cir. 1987) ........................................................................................ 4

*Townsend v. Holman Consulting Corp.*,
 929 F.2d 1358 (9th Cir. 1990) ........................................................................ 2

*Truesdell v. S. Cal. Permanente Med. Group*,
 293 F.3d 11463 (9th Cir. 2002) ..................................................................... 3

*United Nat'l Ins. Co. v. R&D Latex Corp.*,
 242 F.3d 1102 (9th Cir. 2001) ....................................................................... 5

*W. Coast Theater Corp. v. City of Portland*,
 897 F.2d 1519 (9th Cir. 1990) ....................................................................... 5

**RULES**

Fed. R. Civ. P. 11 ................................................................................... passim

Fed. R. Civ. P. 11(b) ..................................................................................... 1

Fed. R. Civ. P. 11(c) ..................................................................................... 2

**REGULATIONS**

45 C.F.R. § 147.130(a)(2)(i) ........................................................................... 4

**OTHER AUTHORITIES**

5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1337.2
 (4th ed. 2022) ................................................................................................. 3

1

## INTRODUCTION

2        Defendant's Motion is frivolous.   Defendant Bayer Healthcare Pharmaceuticals Inc.

3    ("Defendant" or "Bayer") seeks sanctions based on the supposedly false claim in the First Amended

4    Complaint ("FAC") that Plaintiff Priya Sidhu ("Plaintiff" or "Ms. Sidhu") paid a $50 copay for her

5    Mirena IUD.  Def.'s Mot. For Sanctions Pursuant to Fed. R. Civ. P. 11 (ECF No. 77) (the "Motion"

6    or "Mot.") at 2.  But, under Ninth Circuit precedent, Plaintiff effectively withdrew that allegation

7    within Rule 11's 21-day safe harbor when she filed a motion for leave to amend the FAC.

8    Defendant's motion is therefore moot and should be denied.

9        Defendant's motion fails on the merits as well.  *First*, although Defendant has the burden of

10   demonstrating that the claim at issue was baseless, it has not put forth any evidence showing Ms.

11   Sidhu did not pay a copay as she alleges.  Ms. Sidhu's declaration confirming that she paid a copay

12   is unrefuted.  Evidence in the record also shows that, contrary to Defendant's assertions, many

13   women made copayments for their Mirena IUD.  As such, there is no ground for finding Ms. Sidhu's

14   claim that she paid a copay for her Mirena IUD is baseless.

15       *Second*, Defendant has not met its burden of demonstrating that Plaintiff's counsel did not

16   conduct a reasonable and competent investigation.  Defendant faults Plaintiff's counsel for not being

17   aware of a provision in the Affordable Care Act that limits copayments for contraception in some

18   circumstances, but Defendant itself, apparently, did not know about that provision until two years

19   after this case was filed.  A reasonable attorney thus would not have had any reason to doubt that

20   someone purchasing a Mirena IUD would have to pay a copay, just like with any other medical

21   device, medication, or service.

22   ## LEGAL STANDARD

23       Rule 11 of the Federal Rules of Civil Procedure imposes upon attorneys a duty to certify that

24   they have read any pleadings or motions they file with the court and that such pleadings/motions are

25   well-grounded in fact, have a colorable basis in law, and are not filed for an improper purpose.  *See*

26   Fed. R. Civ. P. 11(b); *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 541-

27   542 (1991).  If a court finds that Rule 11(b) has been violated, the court may impose appropriate

28

1   sanctions to deter similar conduct.  Fed. R. Civ. P. 11(c)(1); *see also Cooter & Gell v. Hartmarx*

2   *Corp.*, 496 U.S. 384, 393 (1990) ("[T]he central purpose of Rule 11 is to deter baseless filings in

3   district court.").  However, "Rule 11 is an extraordinary remedy, one to be exercised with extreme

4   caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).  Rule

5   11 sanctions should be reserved for the "rare and exceptional case where the action is clearly

6   frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Id.*

7   at 1344.  "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to

8   represent his or her client zealously." *Id.*

9        In determining whether Rule 11 has been violated, a "court must consider factual questions

10  regarding the nature of the attorney's prefiling inquiry and the factual basis of the pleading." *Cooter*,

11  496 U.S. at 399.  However, courts should "avoid using the wisdom of hindsight and should test the

12  signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or

13  other paper was submitted." Fed. R. Civ. P. 11 Advisory Comm. Notes (1983 Amendment).  "[T]he

14  imposition of a Rule 11 sanction is not a judgment on the merits of an action.  Rather, it requires the

15  determination of a collateral issue: whether the attorney has abused the judicial process, and, if so,

16  what sanction would be appropriate." *Cooter*, 496 U.S. at 396.

17       In the Ninth Circuit, Rule 11 sanctions are appropriate only where: (1) attorneys make or use

18  a court filing for an improper purpose; or (2) such a filing is frivolous.  *See Townsend v. Holman*

19  *Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc); *see also Christian v. Mattel, Inc.*,

20  286 F.3d 1118, 1127 (9th Cir. 2002).  A "frivolous" argument or claim is one that is "both baseless

21  and made without a reasonable and competent inquiry." *Townsend*, 929 F.2d at 1362.

22                                              **<u>ARGUMENT</u>**

23  **I.     DEFENDANT'S MOTION IS MOOT**

24       As an initial matter, Defendant's Motion should be denied as moot because Plaintiff moved

25  to withdraw her allegations within the 21-day safe harbor period by seeking leave to amend the FAC

26  (ECF No. 76).

27       Rule 11(c)(2) contains a "safe harbor" provision pursuant to which "sanctions may not be

28

imposed if the challenged claim is withdrawn within 21 days after service of the sanctions motion." *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 639 (9th Cir. 2010). "The Ninth Circuit strictly enforces this safe harbor provision." *Hueter v. Kruse*, 2021 WL 6428076, at *2 (D. Haw. Oct. 12, 2021) (citing *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005)). "If corrective action is taken [within the 21 days], the question of sanctions becomes moot." 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1337.2 (4th ed. 2022). The Ninth Circuit has held that, for purposes of Rule 11's safe harbor provision, filing a motion for leave to amend the complaint constitutes an "effective withdrawal." *Sneller*, 606 F.3d at 639; *see also, e.g.*, *Truesdell v. S. Cal. Permanente Med. Group*, 293 F.3d 1146, 1153 (9th Cir. 2002) (amendment of a complaint cures a Rule 11 defect); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 216 F.R.D. 29, 43 (E.D.N.Y. 2003) (declining to impose sanctions based on certain claims that were "effectively withdrawn" when the plaintiff sought leave to amend); *Dee-K Enterprises, Inc. v. Heveafil Sdn. Bhd.*, 177 F.R.D. 351 (E.D. Va. 1998) (by filing a motion for leave to file a second amended complaint during the safe harbor period, the plaintiffs had "withdrawn" the first amended complaint and thus could not be sanctioned).

Here, Defendant served Plaintiff with its Motion on January 19, 2024, meaning that the 21-day safe harbor period ran through February 9, 2024. 2/15/24 Campbell Decl. (ECF No. 77-1) at ¶ 14. The day before Defendant served its Motion, however, Plaintiff had already asked Defendant whether it would consent to an amendment that would substitute out Ms. Sidhu. *Id.*, Ex. F. After Defendant declined, Plaintiff moved for leave to amend on February 2, 2024—fourteen days after Defendant served its Motion. ECF No. 76. Because Plaintiff (twice) sought to amend the FAC within the safe harbor period, she effectively sought to withdraw the challenged claim and took sufficient corrective action to moot Defendant's motion.

Defendant argues that sanctions are nevertheless appropriate because Plaintiff has "refus[ed] to dismiss." Mot. at 2. But "[t]he Rule 11 safe harbor provision, by its plain language, does not require that a party drop its claims with prejudice." *Sneller*, 606 F.3d at 639. Rather, amending the pleading in question (or seeking to leave to do so, if needed) is sufficient. *Id.* ("Rule 11 also does not require that a party voluntarily dismiss its entire case under Rule 41(a)(1)(A)(ii) where the motion

for sanctions references only some of the claims or parties set forth in a complaint.  Filing a motion

for leave to amend the complaint under Rule 15 thus constitutes effective withdrawal because it is

the only procedure available under the rules to withdraw individual challenged claims.").  Here, the

supposedly improper allegation is that Ms. Sidhu paid out-of-pocket for her Mirena IUD.  Because

Plaintiff effectively withdrew that allegation when she sought leave to file an amended complaint,

sanctions under Rule 11 are not permitted.

## II.    MS. SIDHU'S CLAIM IS NOT BASELESS

Defendant argues that Ms. Sidhu's claim that she paid out-of-pocket for her Mirena IUD is

baseless because, in a case in which there has been virtually no discovery, she has not produced

documentary evidence to substantiate her claim.  But that is not a basis for imposing sanctions under

Rule 11.  To the contrary, it is *Defendant's* burden under Rule 11 "to substantiate with factual

evidence its assertion that Plaintiff's counsel acted frivolously in this case."  *Love v. CHSP TRS San

Francisco LLC*, 2022 WL 597034, at *6 (N.D. Cal. Feb. 28, 2022); *Tom Growney Equip., Inc. v.

Shelly Irrigation Dev., Inc.*, 834 F.2d 833, 837 (9th Cir. 1987) (the moving party bears the burden to

demonstrate why sanctions are justified); *Phigenix, Inc. v. Genentech Inc.*, 2016 WL 6427884, at *4

(N.D. Cal. Oct. 31, 2016) (Labson Freeman, J.) ("Genentech has not met its burden of demonstrating

how Phigenix's complaint is 'baseless.'").  Defendant has not met that burden here because it has

not put forward a shred of evidence showing that Plaintiff's claim was false.  It asserts that "there is

a *good chance* that Plaintiff … received Mirena and the related clinical services at no out-of-pocket

cost" (Mot. at 4 (emphasis added)), but does not cite any evidence in support.  Indeed, the only

evidence in the record indicates that Ms. Sidhu did pay out-of-pocket for her Mirena IUD.  2/23/24

Sidhu Decl. (ECF No. 81-1).  Other evidence corroborates that many other people with insurance

also paid out-of-pocket for Mirena and/or its insertion.  2/2/24 Roberts Decl. (ECF No. 76-1), Exs.

3-6. And Defendant admits that when women visit a doctor to have the Mirena IUD inserted—which

all women must do—that cost is not covered.  Def.'s Opp. to Mot. to Amend (ECF No. 80) at 3:7-8

(citing 45 C.F.R. § 147.130(a)(2)(i)).  Accordingly, Defendant has not met its burden to show Ms.

Sidhu's claim is frivolous.

### III.     PLAINTIFF'S COUNSEL CONDUCTED A REASONABLE AND COMPETENT INQUIRY

Defendant argues that Plaintiff's counsel did not conduct a reasonable and competent inquiry because they supposedly "fail[ed] to investigate whether the costs of Plaintiff's Mirena was covered by the Affordable Care Act." Mot. at 8. That is incorrect. At the time the FAC was filed—let alone in counsel's pre-suit investigation—there was no reason for Plaintiff's counsel to know that a provision in the ACA might impact whether insured women have to pay copayments for their Mirena IUDs. It was therefore objectively reasonable for counsel to conclude that the purchase of a Mirena IUD required a copayment just like any other medical device, medication or service.

"The reasonable inquiry test is meant to assist courts in discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). The standard is objective, examined at the time of signing. *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1526 (9th Cir. 1990). Courts should "avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Mogan v. Sacks, Ricketts & Case LLP*, 2022 WL 119212, at *2 (N.D. Cal. Jan. 12, 2022) (quoting Fed. R. Civ. P. 11 Advisory Comm. Notes (1983 Amendment)). A claim is well grounded in fact if an independent examination reveals some credible evidence in support of a party's statements. *Himaka v. Buddhist Churches of Am.*, 917 F. Supp. 698, 710 (N.D. Cal. 1995). A claim that has some plausible basis, even a weak one, is sufficient to avoid sanctions under Rule 11. *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1117-18 (9th Cir. 2001). It is the movant's burden to demonstrate that the filing party did not "conduct a reasonable and competent inquiry prior to signing and filing the FAC." *Rivera v. E. Bay Mun. Util. Dist.*, 2015 WL 6954988, at *10 (N.D. Cal. Nov. 10, 2015), rev'd on other grounds, 799 F. App'x 481 (9th Cir. 2020).

Here, when Plaintiff filed the FAC on February 10, 2023, there was no reason for a reasonable attorney to know that the ACA limits copayments for contraception in some circumstances. Counsel's pre-suit investigation involved discussing this matter with many purchasers of the Mirena IUD, including one of counsel's own relatives, who described making copays for the Mirena IUD.

1    Notably, Defendant did not raise the ACA issue at any time before November 29, 2023.  It

2  did not bring the issue to Plaintiff's attention in February 2022, when Plaintiff's counsel sent a pre-

3  suit demand letter to Bayer (ECF No. 1 at Ex. 1).  Nor did Defendant raise the ACA issue as a factual

4  attack on Plaintiff's standing in its Motion to Dismiss the Complaint or its Motion to Dismiss the

5  First Amended Complaint.  The most likely explanation for failing to raise this issue earlier is that

6  even Bayer and its counsel did not know about this issue until around November 29, 2023, when it

7  sent Plaintiff's counsel a letter first raising it.  And if Bayer itself did not know that the ACA limits

8  copayments for contraception in certain instances, then a reasonable attorney would not either.

9    Defendant also overstates the import of the relevant portion of the ACA.  In its November

10  29, 2023 letter to Plaintiff, Defendant asserted that, under the Affordable Care Act, "Ms. Sidhu (and

11  *all* putative class members) should receive Mirena … at no out-of-pocket cost."  Campbell Decl.

12  (ECF No. 77-1), Ex. B (emphasis added).  That is false.  Defendant admits on the Mirena website

13  that the ACA "*generally* requires health plans to cover FDA-approved birth control, including

14  intrauterine devices (IUDs), *at low or no cost*," and that "*patients may still be responsible for the*

15  *cost of the product and/or product-related costs, such as insertion or removal procedure fees*."  *See*

16  Mirena Cost And Insurance Support (emphasis added).[1]  Further, even under Defendant's "co-

17  pay savings program," women will still pay for Mirena, even if it is "as little as $20 out of pocket."

18  *Id.*  Subpoena responses from various insurance carriers have likewise already shown that thousands

19  of women paid for the Mirena IUD and insertion procedures.  2/2/24 Roberts Decl. (ECF No. 76-1),

20  Exs. 3-4.  And the two new proposed plaintiffs, Ms. Copeland and Ms. Chu, have documentary

21  evidence in hand showing that they paid out-of-pocket for the Mirena IUD and/or its insertion.  *Id.*,

22  Exs. 5-6.

23    In addition, based on the evidence available at the time, it was objectively reasonable for

24  Plaintiff's counsel to believe Ms. Sidhu paid out-of-pocket for her Mirena IUD.  Having confirmed

25  that Ms. Sidhu had a Mirena IUD inserted, there was no reason to doubt her recollection of paying a

---

[1] *Available at* https://www.mirena-us.com/cost-support.

$50 copayment.  Ms. Sidhu repeatedly and consistently confirmed that recollection, including confirming the accuracy of the Complaint and First Amended Complaint prior to filing.  And her recollection matched the everyday experiences of counsel: when using insurance, the purchase of any medication, device, or medical service requires some sort of copayment.  Indeed, in counsel's experience, it would be unusual or even unheard of to ever purchase a medical device, medication, or medical service through insurance without some sort of out-of-pocket payment being required.  Accordingly, the fact that Ms. Sidhu did not have documentary evidence in hand regarding her copayment, pre-suit and pre-discovery without subpoena power, for a device where her former insurer held the relevant documents,[2] would not have raised any red flags with a reasonable attorney.  And because Plaintiff's counsel considered all of the available evidence before filing the FAC, their investigation cannot be deemed inadequate.  As such, Defendant has not met its burden of showing that Plaintiff's counsel did not conduct a reasonable and competent inquiry before filing the FAC.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion for sanctions pursuant to Fed. R. Civ. P. 11.

Dated: March 1, 2024                              Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ L. Timothy Fisher*
       L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (*Pro Hac Vice*)

---

[2] As Defendant learned when it subpoenaed Plaintiff's physician, Plaintiff's physician does not have billing records one way or the other regarding Plaintiff's copayment (although her physician did have records confirming Plaintiff had the Mirena IUD inserted).

1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: mroberts@bursor.com

*Attorneys for Plaintiff*