1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7     PRIYA SIDHU,                               Case No.  22-cv-01603-BLF   (SVK)

8                    Plaintiff,

9            v.                                  **ORDER RE DISCOVERY DISPUTE**

                                                 Re: Dkt. No. 84
10    BAYER HEALTHCARE
      PHARMACEUTICALS INC.,
11
                     Defendant.
12
           Before the Court is the Parties' joint submission in which the Parties dispute whether

13
Defendant must produce documents in response to Plaintiff's discovery requests.[1]  *See* Dkt. 84.

14
Defendant argues that it is not required to produce discovery because Plaintiff—the sole plaintiff

15
in this action—lacks standing.  In that vein, Defendant has moved for the Court to sanction

16
Plaintiff's counsel for failing to sufficiently investigate Plaintiff's claims before initiating this

17
action.  *See* Dkt. 77.  In its motion for sanctions, Defendant requests that the Court dismiss this

18
action.  *See id.* at 9.  Plaintiff, meanwhile, has moved to amend her operative complaint, and the

19
proposed amendments would "substitut[e] her out for two new plaintiffs" who can more easily

20
demonstrate standing.  *See* Dkt. 76 at 2.  Both motions remain pending and are scheduled for a

21
May 9 hearing before the Honorable Beth L. Freeman.

22
           Despite these pending motions, the fact remains that discovery in this action is not stayed,

23
and no Party has requested that the Court stay discovery.  Thus, discovery must proceed.  *See*

24
*Apothio, LLC v. Kern Cnty.*, No. 20-cv-00522-JLT, 2020 WL 5891579, at *2 (E.D. Cal. Oct. 5,

25
2020) ("[A]bsent a stay of discovery, the plaintiff is entitled to receive defendants' initial

26

27
_____

28
[1] The Court has determined that this dispute is suitable for resolution without oral argument.  *See*
Civil Local Rule 7-1(b).

United States District Court
Northern District of California

1    disclosures and responses to its discovery requests.").  Further, regardless of whether Judge

2    Freeman grants Plaintiff's motion to amend the operative complaint, this action will proceed and,

3    accordingly, so will discovery.  It also does not matter that Defendant requests that the Court

4    dismiss this action in its motion for sanctions, because "[t]he Federal Rules of Civil Procedure do

5    not provide for automatic or blanket stays of discovery when a potentially dispositive motion is

6    pending."  *Tavantzis v. Am. Airlines, Inc.*, No. 23-cv-05607-BLF, 2024 WL 812012, at *1 (N.D.

7    Cal. Feb. 23, 2024) (citation omitted).  For the same reason, the Court rejects Defendant's

8    argument that Plaintiff may not obtain discovery because she lacks standing (*see* Dkt. 84 at 4-5);

9    whether Plaintiff lacks standing is implicated by a pending motion, but the Court has yet to

10   actually determine whether Plaintiff lacks standing.

11          Defendant also argues that the requested discovery is not proportional to the needs of the

12   case "because Plaintiff no longer wishes to be a part of the case at all."  *See id.* at 5.  But Plaintiff

13   has represented that her proposed amendments to the operative complaint would "make[] no

14   substantive changes other than to the Plaintiff-specific allegations" (*see* Dkt. 76 at Notice of

15   Motion), and Defendant does not assert that the discovery in question applies solely to Plaintiff (as

16   opposed to the claims in general as applied to putative class members).  Defendant has also

17   already "compile[d] a production" of documents concerning the at-issue discovery requests.  *See*

18   Dkt. 84 at 4.  Under these circumstances, the Court cannot conclude that the requested discovery is

19   not proportional to the needs of the case.

20          Finally, in responding to the at-issue discovery requests, Defendant stated that it would

21   "respond further once the parties have [*inter alia*,] . . . reached an agreed-upon Protective Order

22   and ESI Protocol."  *See id.* at 1.  The Parties can easily agree to confidentiality protections and

23   production protocols for purposes of Defendant producing documents in response to the at-issue

24   requests; Defendant need not wait for the Court to enter a stipulated protective order and protocol

25   governing the discovery of electronically stored information before it begins its production.

26          Accordingly, the Court **ORDERS** as follows:

27   • By **April 10, 2024**, Defendant shall serve amended responses to the at-issue discovery

28          requests and produce non-privileged, responsive documents.

- By **April 17, 2024**, the Parties shall meet and confer regarding a stipulated protective order and stipulated protocol concerning the discovery of electronically stored information.

- Dkt. 84 is **TERMINATED**.

   **SO ORDERED.**

Dated: April 3, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

3